IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHOKAR SHUJAUDDIN,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 19-0876 |
| **v.** | : | |
| | : | |
| **BERGER BUILDING PRODUCTS, INC.,** *et al.* | : | |
| | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                       JUNE 5, 2023

## MEMORANDUM OPINION

**INTRODUCTION**

In this civil action arising out of a workplace injury, Plaintiff Khokar Shujauddin ("Plaintiff") and his wife, Plaintiff Najma Shuja, assert claims of strict product liability, negligence, breach of implied warranties, and loss of consortium against numerous defendants, including Defendants Automation Direct f/k/a PLC Direct ("Automation Direct") and Comepi S.R.L. ("Comepi") (collectively, "Defendants"). [ECF 43]. Discovery ensued and was completed.

Before this Court is Defendants' motion for summary judgment on all of Plaintiff's claims against them. [ECF 121]. Plaintiff opposes the motion. [ECF 127].[1] The issues raised in the motion have been fully briefed and are ripe for disposition. For the reasons set forth herein, the motion for summary judgment is denied.

**BACKGROUND**

When considering a motion for summary judgment, a court must consider all record evidence and relevant facts in the light most favorable to the nonmoving party—here, Plaintiff.

---

[1]     This Court has also considered Defendants' reply. [ECF 131].

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The facts relevant to this motion for summary judgment are summarized as follows:[2]

In 1984, The Heim Group ("Heim"), also a defendant in this lawsuit, designed and manufactured a power punch press (the "press"), an industrial machine used to produce metal parts, and sold it to Royal Apex. The press had a foot pedal that was designed and manufactured by Linemaster. The foot pedal allows users to operate the press using only their foot—no hand involvement is needed. The Linemaster foot pedal contained an "anti-trip" safety mechanism that required two actions by the user to activate the machine. The two-part anti-trip mechanism was intended to prevent inadvertent operation of the press and resulting injury.

Around 2005, Defendant Omnimax International ("Omnimax") acquired Royal Apex and the Heim press with the Linemaster foot pedal.

*Foot Pedal Replacement*

In 2014, Omnimax purchased a replacement foot pedal from Automation Direct and installed it on the press. Gary Marchuk, a representative of Automation Direct, described the company as "the Amazon.com of factory automation." (Marchuk Dep. Tr., Defs.' Mot. Ex. F, ECF 121-6, at 9:13–14). The new foot pedal (the "Comepi foot pedal") was designed and manufactured by Comepi. The Comepi foot pedal did not include a two-part anti-trip mechanism, nor did it have any external warnings. The Comepi foot pedal required only one action and minimal force to activate. When Omnimax received the Comepi foot pedal, the shipment included an instruction manual or insert that contained some warnings.

*Plaintiff's Injury*

Plaintiff began working for Royal Apex as a die setter in 2005 and worked on the Heim press involved in this civil action. After Omnimax purchased Royal Apex, Plaintiff continued in his position as a die setter using the Heim press.

On July 27, 2017, Plaintiff was in the process of setting the die on the press that had the Comepi foot pedal. Prior to the accident, Plaintiff inserted a die into the press and was running the machine to create "test pieces" to confirm that he had placed the die correctly. While testing the die, Plaintiff had the point-of-operation guard down, or in the disabled position. Plaintiff testified that he did not keep the guard up while testing the die because doing so would be inconvenient and time-

---

[2] These facts are taken from the parties' briefs, exhibits, and statements of facts. To the extent that any facts are disputed, such disputes are noted and construed in the light most favorable to Plaintiff. *Galena*, 638 U.S. at 196.

consuming. When he finished running the test pieces, Plaintiff attempted to remove his foot from the Comepi foot pedal so that he could move to the other side of the machine, but instead inadvertently activated the Comepi foot pedal and lost his balance. As he was falling in the direction of the press, his hand got caught in the exposed point of operation that was activated by the Comepi foot pedal, which in turn caused the machine to cycle. Plaintiff's hand was crushed.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 56 governs summary judgment motions. This Rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When evaluating a motion under Rule 56, the court must view the evidence in the light most favorable to the nonmoving party. *Galena*, 638 F.3d at 196.

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. After the movant has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the movant's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A)–(B); *see also Davis v. City of Phila.*,

2015 WL 4404871, at *2 (E.D. Pa. July 20, 2015) (quoting Fed. R. Civ. P. 56(c)).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The nonmoving party may not rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), or rest on the allegations in the pleadings, *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).  Rather, the nonmoving party must "go beyond the pleadings" and, either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*

**DISCUSSION**

As noted, Plaintiff asserts various claims against Defendants, *to wit*: strict liability and negligence claims based on defective design of the Comepi foot pedal; failure to warn claims under the theories of strict liability and negligence; and breach of the implied warranties of merchantability and fitness for a particular purpose.  Defendants move for summary judgment on all claims.[3]  The arguments with respect to each claim will be addressed in turn.

*Strict Liability – Design Defect*

With respect to their defense to Plaintiff's strict liability claim premised on the theory of a defective design of the Comepi foot pedal, Defendants argue that the Comepi foot pedal was free of design defects and was reasonably safe for its intended use.  Plaintiff disagrees and argues that there is sufficient evidence for a reasonable factfinder to conclude the Comepi foot pedal was defective.

---

[3]  Defendants also argue that Plaintiff has not presented sufficient evidence to support a strict liability claim based on a manufacturing defect.  Plaintiff, however, is not pursuing such a claim.  (*See* Pl.'s Resp. in Opp., ECF 127-1, at p. 11).

The Supreme Court of Pennsylvania has adopted the strict liability formulation set out in § 402A of the Restatement (Second) of Torts. *See Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 394–99 (Pa. 2014). Under the Second Restatement, three types of defects may give rise to a strict liability claim: (1) a design defect; (2) a manufacturing defect; and (3) a warning defect (*i.e.*, failure to warn or inadequate warnings). *See Phillips v. A-Best Prods. Co.*, 665 A.2d 1167, 1170 (Pa. 1995); *Doughtery v. C.R. Bard*, 2012 WL 2940727, at *2 (E.D. Pa. July 18, 2012).

To establish a strict liability claim based on a design defect, a plaintiff must show that: (1) the product was defective; (2) the defect was the proximate cause of the plaintiff's injury; and (3) the defect existed when the product left the defendant's control. *DeJesus v. Knight Indus. & Assocs., Inc.*, 2016 WL 4702113, at *5 (E.D. Pa. Sept. 8, 2016) (citing *Pavlik v. Lane Ltd./Tobacco Exp. Int'l*, 135 F.3d 876, 881 (3d Cir. 1998)).

A defective product is one that is "unreasonably dangerous" to the consumer. *McPeak v. Direct Outdoor Prods., LLC*, 2022 WL 4369966, at *3 (E.D. Pa. Sept. 20, 2022) (citing *Tincher*, 104 A.3d at 328). Prior to the landmark *Tincher* decision, strict liability matters were decided under *Azzarello v. Black Brothers Co.*, which barred the use of the term "unreasonably dangerous" in jury instructions so as not to "mislead" the jury. 391 A.2d 1020, 1027 (Pa. 1978). In the *Tincher* decision, the Pennsylvania Supreme Court "returned the question of whether a product is 'unreasonably dangerous,' previously decided by the trial court under *Azzarello*, back to the jury to be determined after consideration of the consumer expectation or risk-utility test." *McPeak*, 2022 WL 4369966, at *4 (citing *Sullivan v. Werner Co.*, 253 A.3d 730, 741 (Pa. Super. Ct. 2021)). Under the *consumer expectations test*, a product is defective if it poses a danger that is unknowable and unacceptable to the average or ordinary consumer. *Tincher*, 104 A.3d at 394 (citation omitted). The *risk-utility test* is a cost-benefit analysis; a product is defective under the risk-utility standard

5

"if a reasonable person would conclude that the probability and seriousness of harm caused by the product outweigh the burden or costs of taking precautions." *Id.* at 397 (citations and quotations omitted). Since the holding in *Tincher*, a strict liability design defect claim in Pennsylvania requires proof that at least one of these tests is satisfied. *Tincher*, 104 A.3d at 417.

Defendants argue that they have presented sufficient evidence to show that the Comepi foot pedal was reasonably safe for its intended use. Defendants point to the report of their expert, Emanuele Fracasso, an aerospace engineer, who opined, *inter alia*, that the Comepi foot pedal "was not defective and had no role in Plaintiff's incident." (*See* Fracasso Aff., Defs.' Mot. Ex. CC, ECF 121-29, ¶ 12). On the other hand, Plaintiff's expert, Brian O'Donel, P.E., opined that the Comepi foot pedal was defective because it did not include a two-part anti-trip mechanism. (O'Donel Report, Pls.' Resp. in Opp. Ex. B, ECF 127-5, at pp. 12–15). These battling expert opinions give rise to a genuine issue of material fact as to whether the Comepi foot pedal was a defective product, *i.e.*, whether the aluminum die cast cover was sufficient to render the Comepi foot pedal reasonably safe for its intended use and, thus, whether the Comepi foot pedal was "unreasonably dangerous." *See McPeak*, 2022 WL 4369966, at *3 (citing *Tincher*, 104 A.3d at 328); *see also, e.g.*, *Edwards Sys. Tech. Inc. v. Digit. Control Sys., Inc.*, 99 F. App'x 911, 921 (Fed. Cir. 2004) ("[A] classic 'battle of the experts' . . . renders summary judgment improper."); *Rooney v. City of Phila.*, 623 F.Supp.2d 644, 656 (E.D. Pa. 2009) (denying summary judgment because "battle of the experts" created genuine issue of material fact).

Defendants also submit that Pierluigi Locatelli, Comepi's point of contact for foreign customers, and Gary Marchuk, Automation Direct's Director of Business Development and Director of Risk Management, both attested that the Comepi food pedal complied with applicable safety standards in the United States and Europe, and that the Comepi foot pedal was fashioned

6

with appropriate safety features—notably, an aluminum die cast cover that was designed to prevent accidental actuation. As noted, Plaintiff's expert, Mr. O'Donel, has opined that the Comepi foot pedal lacked adequate safeguarding because it lacked a two-part anti-trip mechanism. Further, Defendants' compliance with industry safety standards does not relieve them of liability. *See Lehmann v. Louisville Ladder Inc.*, 610 F. Supp. 3d 667, 689 (E.D. Pa. 2022) (citing *Cloud v. Electrolux Home Prods., Inc.*, 2017 WL 3835602, at *2 (E.D. Pa. Jan. 26, 2017)) (concluding that evidence of compliance with industry standards "of course is not dispositive" of a strict product liability claim). Under these circumstances, reasonable minds could differ as to whether the Comepi foot pedal was defectively designed.

Defendants also argue that that Plaintiff cannot satisfy the risk-utility test because Omnimax, a sophisticated purchaser of an industrial—rather than a consumer—product, knew that the Compei foot pedal did not have a two-part anti-trip mechanism. Plaintiff contends that this issue should be left to the jury. However, in *Tincher*, the Supreme Court held that when a plaintiff proceeds on a design defect theory that necessitates analysis of the risk-utility test or consumer expectations test, the question of whether the plaintiff has met their burden of proof is only removed from the jury's consideration "where it is clear that reasonable minds cannot differ on the issue." *Tincher*, 104 A.3d at 407 (quoting *Hamil v. Bashline*, 392 A.2d 1280, 1284–85 (Pa. 1978)) (alteration omitted). In light of the disputed issues of fact, as evidenced by the conflicting expert opinions regarding the safety of the Comepi foot pedal, this Court finds that reasonable minds could differ as to whether Plaintiff has met his burden with respect to the risk-utility test. *See Rapchak v. Haldex Brake Prods. Corp.*, 2016 WL 1019534, at *14 (W.D. Pa. Mar. 15, 2016) (denying summary judgment where there was "ample room in the present record for the jury to

decide what balance of risk and utility or what consumer expectations are appropriate") (citation omitted). Accordingly, Defendants' motion premised on this argument is denied.

Defendants also argue that they cannot be held liable under a design defect theory because the Comepi foot pedal was a replacement component part. Defendants rely on *Taylor v. Paul O. Abbe, Inc.*, in which the Third Circuit held that the manufacturer of a replacement component part of a mill was not liable for the absence of a particular safety device. 516 F.2d 145, 148–49 (3d Cir. 1975). In *Taylor*, the defendant had supplied replacement component parts of a mill, and the purchaser of the parts had rejected the defendant's offer to provide a safety guard for an additional cost. *Id.* at 146. The Third Circuit concluded that the defendant could not be held liable, as a matter of law, for the plaintiff's injury that resulted from the absence of a guard. *Id.* at 148–49. Notably, the absent safety guard at issue in *Taylor* was a separate part from the component parts supplied by the defendant. In contrast, here, Plaintiff argues that the Comepi foot pedal ***itself*** was defective because it did not include an integrated two-part anti-trip mechanism. As such, this Court finds the *Taylor* decision does not support Defendants' argument that they cannot be liable simply because they manufactured and sold a replacement component part.

At this stage of the proceedings, and for the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's strict liability design defect claim is denied.[4]

### *Negligent Design*

As to Plaintiff's negligent design claim, Defendants argue that they are entitled to summary judgment because they had no duty to equip the Comepi foot pedal with "every possible safety

---

[4] Defendants also contend that Plaintiff's suggestion that the Comepi foot pedal should have included "every conceivable safety option" is untenable. (Defs.' Reply, ECF 131, at p. 20). Defendants mischaracterize Plaintiff's theory as to the purportedly defective design of the Comepi foot pedal. Plaintiff does not argue that the Comepi foot pedal should have contained *every* safety feature available; he argues, and his expert opines, that the Comepi foot pedal should have contained one specific feature—a two-part anti-trip mechanism.

device," and because the Comepi foot pedal complied with applicable industry standards.[5] Plaintiff disagrees and contends that the Comepi foot pedal's lack of a two-part anti-trip mechanism constituted a breach of Defendants' duty to provide a safe product.

To prevail on a negligent design claim, a plaintiff "must show that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage." *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 61 (3d Cir. 2009) (quoting *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003)). Specifically, the plaintiff must show that the defendant "failed to exercise reasonable care in the adoption of a safe design." *McGrain v. C.R. Bard, Inc.*, 551 F. Supp. 3d 529, 541 (E.D. Pa. 2021); *see also* Restatement (Second) of Torts § 398 (Am. Law Inst. 1965) (stating that the manufacturer of a product "made under a plan or design which makes it dangerous for the uses for which it is manufactured" may be liable for injury caused by "failure to exercise reasonable care in the adoption of a safe plan or design").

To determine whether the defendant owed a duty of care for a negligent design claim, courts weigh the following factors: "(1) the relationship between the parties; (2) the social utility of the [defendant's] conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the [defendant]; and (5) the overall public interest in the proposed solution." *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000) (citations omitted). "No one of these five factors is dispositive. Rather, a duty will be found to exist where the balance of these factors weighs in favor of placing such a burden on a defendant." *Phillips*, 841 A.2d at 1008–09. The defendant's duty of care is not simply to comply with industry

---

[5] In section E of their brief, Defendants raise several challenges to Plaintiff's "negligence claim." In section C.3, Defendants raise several arguments regarding Plaintiff's failure to warn claims. Based on Defendants' arguments in these sections, this Court construes section E as challenging Plaintiff's negligent design claim and section C.3 as challenging Plaintiff's strict liability and negligent failure to warn claims.

standards, but rather to exercise reasonable care in adopting a safe design. *See Timmonds v. AGCO Corp.*, 2021 WL 1351868, at *7 (Pa. Super. Ct. 2021) ("[C]ompliance—or lack thereof—with industry standards is not dispositive of [plaintiff's] negligence claim . . . .").

As noted, Defendants contend that they had no duty to include "every possible safety feature" in the design of the Comepi foot pedal, and that they complied with applicable industry standards. Defendants, however, mischaracterize Plaintiff's argument. Plaintiff's theory with respect to his strict liability and negligent defective design claims posits that the Comepi foot pedal should have contained a two-part anti-trip mechanism. With this in mind, Plaintiff's expert, Mr. O'Donel, opined that Defendants failed to equip the Comepi foot pedal with adequate safety features. Mr. O'Donel's report cites to various product safety publications in support of his opinion. Defendants' expert, Mr. Fracasso, attested that the Comepi foot pedal was reasonably safe because it complied with industry standards and regulations set forth by the Occupational Safety and Health Administration and American National Standards Institute. The parties' conflicting expert opinions regarding the Comepi foot pedal's compliance with contemporary industry expectations and safety standards show that genuine disputes of material fact exist as to whether Defendants owed a duty to equip the Comepi foot pedal with a two-part anti-trip mechanism and whether Defendants were negligent in failing to do so. Defendants' purported compliance with industry standards and regulations, while relevant, does not alone absolve them of liability. *See Timmonds*, 2021 WL 1351868, at *7 ("[C]ompliance—or lack thereof—with industry standards is not dispositive of [plaintiff's] negligence claim . . . .").

After weighing the relevant factors set forth in *Althaus*, 756 A.2d at 1169, and because genuine disputes of material fact exist, this Court finds Defendants are not entitled to summary judgment on Plaintiff's negligent design claim.[6]

### *Failure to Warn*

Defendants raise several challenges to Plaintiff's strict liability and negligent failure to warn claims. Specifically, Defendants argue they are entitled to summary judgment on these claims because Defendants owed no duty to warn of the obvious danger of placing a hand into the press. Defendants also contend that the Comepi foot pedal contained adequate warnings. In response, Plaintiff argues that Defendants should have also provided warnings that the Comepi foot pedal lacked mechanical safeguards against accidental activation. Plaintiff further argues that the question of whether Defendants' warnings were adequate should be reserved for the jury.

To establish a strict liability claim based on a failure to warn theory under Pennsylvania law, a plaintiff must show that the dangerous condition was the cause in fact of the plaintiff's injury and that the absence or inadequacy of the defendant's warnings was the proximate cause of the injury. *Zuzel v. Cardinal Health, Inc.*, 565 F. Supp. 3d 623, 639 (E.D. Pa. 2021) (citing *Pavlik*, 135 F.3d at 881). To survive a motion for summary judgment, the plaintiff must provide evidence that supports a reasonable inference "that the existence of an adequate warning may have prevented the accident." *Id.* (quoting *Conti v. Ford Motor Co.*, 743 F.2d 195, 198 (3d Cir. 1984)). A manufacturer may not be held liable in strict liability for its failure to warn of an "obvious" danger.

---

[6] Defendants attempt to raise other arguments as to Plaintiff's negligent design claim. Specifically, Defendants contend that Automation Direct also sold other foot pedals with additional safety features, there were no prior complaints or incidents regarding the Comepi foot pedal, Omnimax's failure to train and supervise Plaintiff caused the accident, and the Comepi foot pedal was a replacement component part. Defendants do not offer any citations to the record or any legal analysis with respect to these arguments. As such, they have not met their summary judgment burden of identifying specific portions of the record that they believe "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

11

*See Kurzinsky v. Petzl Am., Inc.*, 794 F. App'x 187, 189 (3d Cir. 2019) (citing *Mackowick v. Westinghouse Elec. Corp.*, 575 A.2d 100, 102 (Pa. 1990)).  Where there are factual questions with respect to the adequacy of the warnings, the question is one for the jury.  *Cohen v. Johnson & Johnson*, 2022 WL 5109167, at *9 (W.D. Pa. Oct. 5, 2022) (quoting *Rowland v. Novartis Pharms. Corp.*, 34 F. Supp. 3d 556, 572 (W.D. Pa. 2014)).

To recover for a negligence claim based on failure to warn, the plaintiff must show (1) the defendant owed a duty to plaintiff, (2) the defendant breached that duty, and (3) the breach was the proximate cause of the plaintiff's injury.  *Rowland*, 34 F. Supp. 3d at 569.  That is, the plaintiff must show that the defendant failed to exercise reasonable care in warning users of the dangers associated with its product.  *See Cohen*, 2022 WL 5109167, at *15 (citing *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 751 (E.D. Pa. 2007)).  As in the strict liability context, a negligent failure to warn claim fails if the plaintiff "knew, or should have known, of that risk about which the missing warning would have cautioned."  *Robinson v. Delta Intern. Mach. Corp.*, 274 F.R.D. 518, 522 (E.D. Pa. 2011) (quoting *Mitchell v. Modern Handling Equip. Co.*, 1999 WL 1825272, at *6 (Pa. Ct. Com. Pls. June 11, 1999)).

Here, Defendants challenge Plaintiff's failure to warn claims primarily on the grounds that Defendants owed no duty to warn buyers of the "obvious" danger of placing a hand into the press with a disabled guard.  This argument is misplaced.  Plaintiff's failure to warn claims concern Defendants' purported failure to warn of the dangers associated with the Comepi foot pedal's lack of a two-part anti-trip mechanism.  Plaintiff's theory is that the dangers associated with the Comepi foot pedal are distinct from the dangers associated with the machine guarding.  *Cf. id.* at 190 (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1309 (3d Cir. 1995)) ("[A] manufacturer's duty to warn is limited when it supplies a component part that is assembled by

12

another party and the dangers are associated with the use of the ***finished product***.") (emphasis added).  Defendants point to no evidence that would support the argument that they did not owe a duty to warn consumers of the dangers of the Comepi foot pedal itself.  As such, Defendants' motion for summary judgment premised on Plaintiff's strict liability and negligent failure to warn claims is denied.

With respect to Defendants' argument that the Comepi foot pedal's warnings were adequate, Defendants rely on the testimony of Omnimax electrician Timothy Moyer, who testified that the Comepi foot pedal arrived in a box that contained warnings.  (Moyer Dep. Tr., Defs.' Mot. Ex. K, ECF 121-11, at 45:2–15, 46:19–22).  Plaintiff responds by pointing to the testimony of Automation Direct's representative Gary Marchuk that the Comepi foot pedal contained an insert in the box but no "external" warnings.  (Marchuk Dep. Tr., Pls.' Resp. in Opp. Ex. D., ECF 127-7, at 26:1–8).  Considering the evidence regarding the warnings included with the Comepi foot pedal, this Court finds that there are material factual disputes as to the adequacy of the warnings provided for the Comepi foot pedal and, thus, that this question should be resolved by the jury.  *See Cohen*, 2022 WL 5109167, at *9.

Defendants also argue that "the undisputed evidence proved that any alleged lack of warnings for the [Comepi] footswitch had nothing to do with the happening of this incident." (Defs.' Br., ECF 121, at p. 17).  Defendants do not point to any specific evidence to support this statement, simply stating that the Comepi foot pedal had been used on a daily basis without incident before Plaintiff was injured.  As such, they have not met their summary judgment burden of identifying specific portions of the record that they believe "demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  Regardless, this Court notes that Plaintiff's expert, Mr. O'Donel, has opined that the Comepi foot pedal "was a cause of

Shujauddin's incident and injury" because it "was not adequately safeguarded to prevent inadvertent contact and accidental machine actuation." (O'Donel Report, Pls.' Resp. in Opp. Ex. B, ECF 127-5, at p. 15). This opinion contradicts that of Defendants' expert, Mr. Fracasso, who opined that Plaintiff's injury was caused by Plaintiff's disregard of his employer's procedures for machine guarding and his employer's failure to properly train and supervise him. (Fracasso Aff., Defs.' Mot. Ex. CC, ECF 121-29, ¶ 12). These conflicting expert opinions evince genuine issues of material fact with respect to whether the purportedly defective Comepi foot pedal caused Plaintiff's injury.

In light of this analysis, Defendants are not entitled to summary judgment on Plaintiff's strict liability or negligent failure to warn claims.

### *Breach of Warranty*

Plaintiff also asserts claims against Defendants for breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose. Defendants argue that they are entitled to summary judgment on these claims because Plaintiff has not established that the Comepi foot pedal was defective.[7]

Under the Uniform Commercial Code, which has been adopted in Pennsylvania, an implied warranty of merchantability arises whenever goods are sold by a person who is a merchant with respect to goods of that kind. 13 Pa. Cons. Stat. § 2314. The essence of the warranty of merchantability is that the item sold is "fit for the ordinary purposes for which such goods are used." *Id.* § 2314(b)(3); *Wisniewski v. Great Atl. & Pac. Tea Co.*, 323 A.2d 744, 746–47 (Pa. 1974). An implied warranty of fitness for a particular purpose arises when goods are sold by a

---

[7] Defendants also argue that Plaintiff cannot maintain a claim for breach of any express warranty. While Plaintiff does not respond to this argument, a review of the Complaint clearly reveals that Plaintiff is not pursuing a claim for breach of an express warranty and Count III is labeled "Breach of Implied Warranties of Merchantability & Fitness for Particular Purpose." (*See* Compl., ECF 43, at p. 11).

merchant who "has reason to know: (1) any particular purpose for which the goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods." 13 Pa. Cons. Stat. § 2315.

The Pennsylvania Supreme Court has indicated that while implied warranty claims are not identical to strict liability claims, they are "co-extensive." *Williams v. West Penn Power Co.*, 467 A.2d 811, 815 n.16 (Pa. 1983); *see also Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 94 (3d Cir. 1983) (stating that the elements of a strict liability claim and an implied warranty of merchantability claim are "essentially the same"); *Reese v. Ford Motor Co.*, 499 F. App'x 163, 166 (3d Cir. 2012) (same). As such, a plaintiff must show that the product contained a defect to maintain a claim for breach of implied warranty. *Schlier v. Milwaukee Elec. Tool Corp.*, 835 F. Supp. 839 (E.D. Pa. 1993) (citing *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992)).

Here, Defendants contend that they are entitled to summary judgment on Plaintiff's breach of warranty claims because they have "proven" the Comepi foot pedal contained no design defect. However, as discussed above, there are genuine issues of material fact with respect to whether the Comepi foot pedal was a defective product in that it lacked a two-part anti-trip mechanism and/or adequate warnings. Consequently, Defendants are not entitled to summary judgment on Plaintiff's claims of breach of the implied warranty of merchantability or breach of the implied warranty of fitness for a particular purpose.

**CONCLUSION**

For the reasons set forth, Defendants' motion for summary judgment is denied in its entirety. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.